UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Martell Sanford**, an individual, on
behalf of himself and those similarly-situated,

    Plaintiff,

v.

**Corktown Taphouse, Inc.**,
a Domestic Profit Corporation,
**1834 Kitchen, LLC**, a Domestic
Limited Liability Company, **Ronald Moore**, an Individual, and **Michele Moore**, an Individual.

    Defendants.
_____/

Case No.: 2:25-cv-13307

**COMPLAINT**

**JURY DEMAND**

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Martell Sanford ("Plaintiff"), on behalf of himself and all other similarly situated current and former employees, files this Collective Action Complaint against Defendants, Corktown Taphouse, Inc. ("Corktown Taphouse"), 1834 Kitchen, LLC ("1834 Kitchen"), co-owners Ronald Moore ("Mr. Moore"), and Michele Moore ("Ms. Moore), (collectively "Defendants"), pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this FLSA collective action because Defendants

promised to pay him, a cook, both an hourly wage and tips—but then kept the tips for themselves. Despite assuring Plaintiff (and other cooks) that they would share tips and assign Plaintiff regular customer-facing duties, Defendants withheld those tips once Plaintiff began working. Plaintiff seeks to recover unlawfully withheld gratuities and all available damages and relief on behalf of himself and similarly situated employees.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 through 29 U.S.C. § 216(b).

3. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b-d), and 29 U.S.C. § 216(b) because: 1) all events giving rise to this action arose in this district; 2) Corktown Taphouse and 1834 Kitchen's' resident agent is located within the jurisdiction of the Eastern District of Michigan, and; 3) Defendants regularly conduct business in this district.

4. This Court has jurisdiction over the Conversion claim pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiff's FLSA claims are the same acts and omissions that give rise to Plaintiff's Conversion claim.

## PARTIES

5. Plaintiff, an individual residing in this district, was an employee of Defendants at their Detroit location at all relevant times.

6.      Corktown Taphouse is a Michigan profit corporation engaged in the retail sale of food and craft beer at its Detroit location on 1611 Michigan Avenue, Detroit, MI, 48216. Corktown Taphouse's principal office is located at 40600 Ann Arbor Rd. E., Ste. 201, Plymouth, MI, 48170.

7.      1834 Kitchen LLC, an alter-ego of Corktown Taphouse, (collectively "Corktown Kitchen") is located at the same address as Corktown Taphouse, 1611 Michigan Avenue, Detroit, MI, 48216. Googling "1834 Kitchen" returns Corktown Taphouse's website, followed by the Yelp review page of Corktown Taphouse. Until recently, 1834 Kitchen was one section of the online menu in the Corktown Taphouse website, under the Corktown Taphouse logo.[1]

8.      Mr. Moore is an owner, operator, and resident agent of Corktown Taphouse and 1834 Kitchen, and a resident of Wayne County.

9.      Ms. Moore is a co-owner and events coordinator of Corktown Kitchen.

10.      Defendants regularly conduct business in this jurisdiction through Corktown Kitchen's location, 1611 Michigan Avenue, Detroit, MI, 48216.

11.      At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

12.      At all relevant times, Plaintiff was an "employee" of Defendants

---

[1] Corktown Taphouse, https://corktowntaphouse.com/view-menu/ (last visited 7/8/2025).

3

within the meaning of the FLSA.

13. Defendants regularly held and/or exercised authority to:

    a. hire and fire employees of Corktown Kitchen;

    b. determine the Corktown Kitchen employees' work schedules, and;

    c. control the finances and operations of Corktown Kitchen.

14. Mr. Moore is an employer as defined under the FLSA in that they acted, directly or indirectly, in their interests and the interests of the Corktown Taphouse and 1834 Kitchen—which are unified as one due to his degree of control—towards Plaintiff and others similarly situated.

15. Likewise, Ms. Moore is an employer as defined under the FLSA in that they acted, directly or indirectly, in their interests and the interests of the Corktown Taphouse and 1834 Kitchen—which are unified as one due to her degree of control—towards Plaintiff and others similarly situated.

16. Defendants are a single employer and/or integrated enterprise and/or joint employer for purposes of the FLSA for all the reasons above, as well as by performing legal duties, operating for a common business purpose, sharing interrelation of operations, and more.

17. At all relevant times, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

18. At all relevant times, the work performed by Plaintiff was directly essential to the business performed by Defendants.

19. Upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time.

20. Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as consumables, computers, money transfers, and other materials used directly in furtherance of Defendants' commercial activity of running a restaurant.

## STATEMENT OF FACTS

21. Plaintiff began working for Defendants on or around November 2024, as a cook.

22. Defendants represented Plaintiff would earn an hourly rate, plus tips.

23. Defendants withheld paying him tips.

24. Defendants required Plaintiff to punch in/out.

25. Plaintiff's duties included taking orders, cooking, cleaning the fryer, putting dishes to wash, and interacting with customers.

26. Defendants' patrons are not served food orders by waitstaff.

27. Instead, patrons approach the kitchen counter to enter their order, a process that often required Plaintiff to interact with customers.

28. Plaintiff then cooked incoming orders over a front-facing kitchen, putting orders on the counter when ready, and patrons approach to pick up their order.

29. When finished, patrons would tip, and a corresponding tip percentage would then be applied to each item on the order.

30. For example, if Patron Jamie bought an Oberon for $6, a Two Hearted Ale for $5, a burger and fries for $12, and a cookie for $2, and then put their bracelet in the 20% bin, then a 20% tip would be applied to each item and the total tip amount would be split per category: $2.80 in tips would be allocated to the kitchen for the burger, fries, and cookie, and $2.20 in tips would be allocated for the front area for the Oberon and Two Hearted Ale.

31. Defendants paid front-area employees, including managers, the tips meant for and allocated to them: beverages.

32. However, Defendants improperly retained the tips meant for and allocated to the kitchen, instead of distributing them to the employees who earned them: the cooks.

33. Defendants used the withheld tips for their own benefit, threatening to reduce wages when cooks complained the tips were improperly withheld from them. *See* **Ex. 1**

34. Plaintiff's consent to become a party member in this action pursuant

to 29 U.S.C. § 216(b) is filed as **Ex. 2**.

35. Opt-in Damon Perry's consent to become a party member in this action pursuant to 29 U.S.C. § 216(b) is filed as **Ex. 3**.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff and those similarly situated seek to maintain this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other nonexempt employees who were not properly compensated under the FLSA.

37. The foregoing allegations related to tip theft are applicable to kitchen employees working for Defendants, to wit, the class of similarly situated Plaintiffs.

38. Plaintiff and those similarly situated, current and former cooks in the class, who regularly had tips withheld from their pay, performed the same or similar work, held substantially the same job titles, and were victims of tip theft by Defendants.

39. As such, the class of similarly situated Plaintiffs are properly defined as follows:

> **The Collective Members are all of Defendants' current and former cooks or other kitchen employees who worked at Defendants' 1611 Michigan Avenue location at any time during the two years before this Complaint was filed up to the present and whose tips were confiscated by Defendants.**

40. With the number of class members impacted by Defendants' unlawful practices, a class action is the proper procedure for adjudicating such claims.

Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes, so that all claims may be resolved efficiently in a single proceeding.

41. Although the exact amount of damages may vary among Collective Members, the damages for the Collective Members can be easily calculated by a formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective Members.

42. Records concerning asserted Plaintiff and the Collective Members and their compensation, if any, are in Defendants' custody or control.

43. Plaintiff will fairly and adequately protect the interests of each proposed Collective Members and has retained counsel that is experienced in collective actions and employment litigation.

44. Plaintiff has no interest that is contrary to, or in conflict with, the Collective Members.

## **COUNT I: VIOLATION OF THE FLSA'S TIP POLICY**

45. Plaintiff incorporates paragraphs 1-44 as if fully set forth herein.

46. Defendants' practice of confiscating tips earned by Plaintiff and the Collective Members violates the FLSA, which prohibits employers from keeping tips received by its employees, regardless of whether the employer takes a tip credit.

29 U.S.C.A. § 203(m)(2)(B); 29 C.F.R. § 531.50.

47. Plaintiff and the Collective Members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b), in that Defendants subjected them all to the same tip theft policy.

48. The confiscation or theft of these earned and owed tips resulted in Plaintiff and the Collective Class not being paid any of the tips owed to them pursuant to the FLSA.

49. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206 – 207.

50. All past and present cooks and other kitchen employees who have worked for Corktown Kitch during the previous 2 years and have had their tips confiscated from them are similarly situated to Plaintiff.

51. Corktown Kitchen applied its compensation policies, which violate the FLSA, on a company-wide basis.

52. Plaintiff and the Collective Members were engaged in job duties and responsibilities integral and indispensable to the operation of Defendants' business, and neither Plaintiff nor any other member of the Collective Members has received the full amount of value of the tips owed to them pursuant to the FLSA.

53. Defendants' failure to pay Plaintiff and the Collective Members their

9

tips owed to them pursuant to the FLSA is a willful violation of the Act, since Defendants' conduct shows that it either knew the conduct violated the FLSA or recklessly disregarded complying with the FLSA.

54. Plaintiff's experiences are typical of the experiences of the putative Collective Members.

55. For all members of the putative collective to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

56. The members of Plaintiff's collective who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

57. As a result of the tip theft, Plaintiff and the Collective Members suffered damages in the form of earned but unpaid tips.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a. Determining that this action may be maintained as a collective action pursuant to the FLSA, designating Plaintiff as a representative of the FLSA collective action class, and undersigned counsel as class counsel for the same;

b. Ordering Defendants to disclose the names and addresses of all collective action class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their right by law to join and participate in this lawsuit;

c. Awarding judgment for back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

d. Awarding liquidated damages in an amount equal to the amount of unpaid wages, to wit, unpaid tips, found due pursuant to the FLSA;

e. Awarding prejudgment interest with respect to the amount of unpaid wages, to wit, unpaid tips;

f. Awarding reasonable attorneys' fees and costs incurred in filing this action;

g. Entering an injunction precluding Defendant from violating the FLSA; and

h. Ordering such any other relief as the Court deems appropriate and just.

## **COUNT II: CONVERSION**

58. Plaintiff incorporates by reference as though fully set forth here, paragraphs 1–57.

59. Defendants withheld tips due to Plaintiff and the Collective Members.

60. Defendants' acts regularly deprived Plaintiff and the Collective

Members of their rightful possession of a portion of their anticipated and actual earnings.

61. Defendants' actions caused Plaintiffs and the Collective Members to be deprived of their rightful earnings in amounts believed to exceed $25,000.

WHEREFORE, Plaintiff demands judgment in his favor in an amount that would fairly compensate him for each and every cash payment he was required to make under Defendants' tip withholding scheme, treble damages, plus costs and attorney's fees, and any other further relief this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury as to all claims.

Respectfully submitted,

Dated: October 20, 2025

/s/ *Ertis Tereziu*
Ertis Tereziu (P84911)
MORGAN & MORGAN, P.A.
150. W Jefferson Ave., Ste. 1400
Detroit, MI 48226
Telephone: (313) 739-1953
Email:etereziu@forthepeople.com